UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Denny Roger Bates, # 261356, | ) C/A No. 4:11-3140-GRA-TER |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| SCDC;<br>SCDMH;<br>Dr. Peggy Wadman;<br>Holly Scatura;<br>GEO CRCC, and<br>Mr. Alan Wilson, Attorney General, | ) |
| Defendants. | ) |

This is a civil action filed by a *pro se* litigant appearing *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.

## BACKGROUND

Denny Roger Bates ("Plaintiff") is currently incarcerated in the Edisto Unit of the Broad River Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system which is presently under the control of the South Carolina Department of Mental Health ("SCDMH") as housing for persons such as Plaintiff who were designated sexually violent predators ("SVP's") as a result of past criminal convictions. In the Amended Complaint, Plaintiff alleges that the Edisto Unit is unfit for human occupancy to the extent that being housed there virtually without hope of being released into society results in cruel and unusual punishment. He alleges that the facility is overcrowded, insect-infested, and in need of routine maintenance such as painting and general cleaning. He also alleges that the food provided to SVP's is served cold and served using unhygienic methods. Mainly, however, Plaintiff complains about what he describes as a policy of not releasing SVP's back into society even after they complete the available

treatment programs and keeping them locked up indefinitely. He seeks millions of dollars in damages and injunctive and declaratory relief.

## PRO SE REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the Amended Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

Defendants SCDC and SCDMH are immune from Plaintiff's claims in this case because the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages or other relief brought against the State of South Carolina or its integral parts. SCDC and SCDMH, as a

South Carolina state agencies, are integral parts of the state and, thus, are entitled to Eleventh Amendment immunity in this case. As a result, to the extent that Plaintiff sues SCDC and SCDMH, this case is subject to partial summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst*, 465 U.S. at 99n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. Section 15-78-20(e) of the South Carolina Code of Laws (Cum. Supp. 1993), is a statute in the South Carolina Tort Claims Act which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). C*f. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any

other basis of jurisdiction may override the Eleventh Amendment."). In absence of their consent to this lawsuit, the court should summarily dismiss SCDC and SCDMH from this case.

Furthermore, to the extent that Plaintiff asks this court to hold the remaining four Defendants: Dr. Peggy Wadman; Holly Scatura; GEO CRCC, and Mr. Alan Wilson, Attorney General, liable under § 1983 for the allegedly unconstitutional conditions of Plaintiff's confinement, his Complaint allegations are too conclusory and lacking in detail to state a viable claim against any of them. Federal Rule of Civil Procedure 8(a) requires that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against Defendants. While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). It is true that we are bound to liberally construe Plaintiff's *pro se* Complaint, but Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278); *Gordon v. Leeke*, 574 F.2d at 1151. Due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 (dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561

F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Finally, the primary thrust of his complaint asks the court to order his release from confinement.[1] Under *Heck v. Humphrey*, 512 U.S. 477 (1994), "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983." *Myers v. Pauling*, No. CIV. A. 95-820, 1995 WL 334284 (E.D. Pa. June 2, 1995); *see also Preiser v. Rodriguez*, 411 U.S. 475 (1973). Thus, the complaint is subject to dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the District Court summarily dismiss the Amended Complaint in this case *without prejudice* and without service on Defendants. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 19, 2012  
Florence, South Carolina

---

[1] As to Plaintiff's allegations that others should be released or are enduring a violation, Plaintiff does not have standing to bring this claim. To state a civil rights claim, one must allege that he, himself, sustained deprivation of right privilege, or immunity secured by the Constitution or federal law. <u>Inmates v. Owens</u>, 561 F.2d 560, 562-562 (4th Cir. 1977).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).