UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Denny Rogers Bates, #261356, ) | |
| ) | C/A No.: 4:11-cv-03140-GRA-TER |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| SCDC; ) | |
| SCDMH; ) | |
| Mr. Alan Wilson, Attorney General; ) | |
| Dr. Peggy Wadman; ) | |
| Holly Scatura; and ) | |
| GEO CRCC, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court for review of United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R & R") made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina, and filed on October 19, 2012. Plaintiff Denny Rogers Bates, an inmate with the South Carolina Department of Corrections (SCDC) proceeding *pro se*, filed this action on November 11, 2011, pursuant to 42 U.S.C. § 1983. ECF No. 1. After being ordered to bring his complaint into proper form, Plaintiff amended his complaint. ECF No. 60. Service on the Defendants in this case has not been authorized. *See* ECF No. 58.

Under established procedure in this judicial district, Magistrate Judge Rogers made a careful review of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Magistrate Judge Rogers recommends that this Court summarily dismiss the

Amended Complaint in this case *without prejudice* and without service on Defendants. Plaintiff timely filed objections to the R & R on October 31, 2012. ECF No. 64. For the reasons discussed herein, this Court adopts the magistrate judge's recommendation in its entirety and summarily dismisses Plaintiff's Amended Complaint *without prejudice* and without service on Defendants.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## Background

Plaintiff is currently incarcerated in the Edisto Unit of the Broad Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system which is presently under the control of the South Carolina Department of Mental Health ("SCDMH") as housing for persons such as Plaintiff who were designated sexually violent predators ("SVPs") as a result of past criminal convictions. In his Amended Complaint, Plaintiff alleges that the Edisto Unit is unfit

for human occupancy to the extent that being housed there virtually without hope of being released into society results in cruel and unusual punishment. He alleges that the facility is overcrowded, insect-infested, and in need of routine maintenance such as painting and general cleaning. He also alleges that the food provided to SVPs is served cold and served using unhygienic methods. Mainly, however, Plaintiff complains about what he describes as a policy of not releasing SVPs back into society even after they complete the available treatment programs and keeping them locked up indefinitely. He seeks millions of dollars in damages and injunctive and declaratory relief.

## Discussion

Magistrate Judge Rogers recommends summarily dismissing Plaintiff's Amended Complaint in this case *without prejudice* and without service on Defendants. *See* Report and Recommendation, ECF No. 62.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. Furthermore, in the absence of specific objections to the Report

and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review of Plaintiff's objections, the Court finds that his objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  To the extent that Plaintiff attempts to make new factual allegations in his objection memorandum, such allegations should be made in an amended complaint.

After a review of the record, this Court finds that the magistrate judge's Report and Recommendation accurately summarizes the case and the applicable law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint is DISMISSED *without prejudice* and without service on Defendants.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

November 1, 2012
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.